# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1134V
UNPUBLISHED

| | |
|---|---|
| JENNIFER ROBINSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 6, 2019<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN,* for petitioner.

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

On August 2, 2018, Jennifer Robinson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 2, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 6, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On December 5, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $85,782.63.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

1. A lump sum payment of $80,000.00 (representing compensation for past and future pain and suffering) in the form of a check payable to Petitioner.

2. A lump sum payment of $5,782.63, representing compensation for satisfaction of the State of Louisiana Medicaid lien, payable jointly to Petitioner, and

>  Equian, LLC
>  P.O. Box 32140
>  Louisville, KY 40232-2140

Petitioner agrees to endorse this payment to the State of Louisiana.

The amounts above represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNIFER ROBINSON,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | No. 18-1134<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF COMPENSATION

**I.    Compensation for Vaccine Injury-Related Items**

On August 5, 2019, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34.  Accordingly, on August 6, 2019, the Chief Special Master issued a Ruling on Entitlement.

Respondent now proffers that, based on the evidence of record, petitioner should be awarded $85,782.63.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Items of Compensation and Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

A. <u>Petitioner's Damages</u>

A lump sum payment of $80,000.00 (representing damages for past and future pain and suffering) in the form of a check payable to petitioner, Jennifer Robinson.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Louisiana Medicaid lien in the amount of $5,782.63, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Louisiana had made to or on behalf of Jennifer Robinson from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 2, 2017, under Title XIX of the Social Security Act.  Reimbursement of the State of Louisiana lien shall be made through a lump sum payment of $5,782.63, representing compensation for satisfaction of the State of Louisiana lien, payable jointly to petitioner, and

Equian, LLC<br>
P.O. Box 32140<br>
Louisville, KY 40232-2140

Petitioner agrees to endorse this payment to the State of Louisiana.

C. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.   Summary of Recommended Payments Following Judgment**

    A.  Lump sum paid to petitioner        $80,000.00

    B.  Reimbursement of Medicaid lien      $5,782.63

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        s/ *Mallori B. Openchowski*
        MALLORI B. OPENCHOWSKI
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146, Ben Franklin Station
        Washington, DC 20044-0146
        Tel.: (202) 305-0660

DATED: December 5, 2019