# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1134V
(not to be published)

| | |
|---|---|
| JENNIFER ROBINSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Administrative Time; Excessive Billing |

*Michael G. McLaren*, Black McLaren et al., P.C., Memphis, TN, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 2, 2018, Jennifer Robinson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on October 2, 2017. (Petition at 1). On December 6, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 39).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 24, 2020, (ECF No. 44), requesting a total award of $33,082.37 (representing $30,185.70 in fees and $2,780.90 in costs). In accordance with General Order No. 9, Petitioner has offered a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 44-3). Respondent reacted to the motion on March 30, 2020, indicating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, and defers to my discretion in determining the amount to be awarded. (ECF No. 45). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT IN PART, Petitioner's motion awarding final attorney's fees and costs in the amount of **$29,423.31**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

I have reviewed the rates requested for the work of the various attorneys and legal staff involved in this case. The billing invoices indicate that most of the time billed was performed by Christopher Webb, plus some law clerks and paralegals. (ECF No. 44-2 at 21). All rates requested for time billed to the matter in 2018 or 2019 are consistent with what has been allowed for Mr. Webb in prior cases and is therefore awarded here as well. In addition, for time billed in 2020, Mr. Webb is requesting an increased rate of $351.00 per hour. Based on my experience and applying the rate schedules utilized at OSM, I find the requested increase is reasonable and award it herein.

Petitioner also requests rates ranging from $153.00 per hour to $160.00 per hour for work performed by paralegals and law clerks. (*Id.*) The rates requested for all parties are consistent with what has been previously awarded for their work in the Vaccine Program for time billed through 2020.

B. <u>Duplicative Billing and Billing for Administrative Tasks</u>

Although the rates requested herein are subject to no change (or even increases in some cases), the *time* billed to this case is another matter.

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have specifically noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. The attorneys at Black McLaren (Mr. Webb's law firm) have in particular had their requests for attorney's fees reduced for excessive and duplicate billing. *See,* e.g., *Wagner v. Sec'y of Health & Human Servs.,* No. 17-0407V, 2019WL4303281 (Fed. Cl. Spec. Mstr. June 28, 2019); *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019).

In reviewing the invoices submitted, I found several instances in which multiple attorneys and staff members reviewed the same documents and filings. Examples of these include:

- August 10, 2018 SRW (0.10 hrs) "Receipt/review and note notice of appearance for Mallori Openchowski; update file"; August 13, 2018 CJW (0.10 hrs) "Receipt/review and note notice of appearance by Respondent's counsel";

- October 4, 2018 (0.20 hrs) CJW "Receive, review and note order regarding OSM attorney"; (0.10 hrs) MGM "Note change in assignment of OSM staff attorney";

- February 28, 2019 (0.10 hrs) SRW "Receive/review and note status report filed by Respondent" (0.20 hrs) CJW "Receive, review and note status report from Respondent's counsel"; and

- April 3, 2019 SRW (0.10 hrs) "Receipt/review and note 240 day order"; April 2, 2019 CJW (0.10 hrs) "Receive, review and note 240 day order."

(ECF No. 49-2 at 10-12).[3] Accordingly, such duplicative and unnecessary billing provides grounds for adjusting downward the fees to be awarded.

It also appears that a number of entries in the billing records reflect work performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

Examples of these include:

- January 10, 2018 (0.20 hrs) "Receipt/review e-mail from Christ Webb regarding opening file; Set up file and update client tracking spreadsheet;

---

[3] These are merely examples and not an exhaustive list.

- April 19, 2018 (0.20 hrs) "Create follow up spreadsheet for 1 week follow up";

- April 26, 2018 (0.20 hrs) 'Receipt of invoice from Total Rehab at Baton Rouge; review invoice charges per Louisiana statute for allowable medical records fees; update client provider chart; copy of invoice to Sherry Fearon for payment";

- May 14, 2018 (0.20 hrs) "Work on sending requests via U.S. Mail, Fax, and E-Mail"; and

- June 27, 2018 (0.20 hrs) "Oversee records collection."

(ECF No. 44-2 at 1, 3, 4 and 7).

Based upon the above, I reduce the requested amount of attorney's fees to be awarded in the amount of ten percent, for a total reduction of **$3,018.57**.

## ATTORNEY COSTS

Petitioner seeks $2,780.90 in attorney's costs that include costs for travel, medical records, postage and filing. (ECF No. 44 at 1). Upon my review of the receipts submitted for travel, I find multiple problems regarding the amount of costs requested for reimbursement specifically regarding the costs for airfare and a car service. All travel was billed by Mr. Webb, who has had previous requests for costs reduced for the same reasons, yet continues to bill for travel that is *not* reimbursable by the Program.[4]

### A. Airfare Costs

The submitted cost substantiation indicates that Mr. Webb booked a first-class flight from Memphis, TN to Baton Rouge, LA on August 13, 2018 to meet with the Petitioner, for a cost of $1,022.10. (ECF No. 44-2 at 41). Petitioner only requests reimbursement for the (slightly) lower sum of $924.10, presumably based on the idea that

---

[4] Black McLaren has had requests for attorney's costs previously reduced for excessive airfare and other luxury costs in multiple cases including but not limited to; *Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7051676 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); *Digerolamo v. Sec'y of Health & Human Serv.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); *Spivey v. Sec'y of Health & Human Serv.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); and *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152 (Fed. Cl. Spec. Mstr. Dec. 12, 2019).

this was the coach ticket cost.[5] (ECF No. 44-2 at 40-41). Independent research, however, establishes that a coach ticket for the same route traveled, purchased around the same time, would likely cost no more than $352 - $506 round trip - almost half of what Petitioner seeks.[6]

Counsel in this case has been *repeatedly* warned not to request first class rates, but continues to do so. *See, Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7051676 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); *Digerolamo v. Sec'y of Health & Human Serv.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); *Spivey v. Sec'y of Health & Human Serv.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); and *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152 (Fed. Cl. Spec. Mstr. Dec. 12, 2019).  Although in fairness to Petitioner I will *this last time* award a reasonable coach rate of **$462.05** for this trip, such first-class travel costs will be *denied in their entirety* if they are again requested.

B.     Car Service Costs

Mr. Webb utilized the car services Uber Select as transportation to and from the airport, hotel and client visits.  (ECF No. 44-2 at 44 and 45) resulting in charges of $62.67. While car transportation costs are generally compensable, Uber Select is a luxury service that exceeds what is reasonable under the Vaccine Program. The attorneys of Black McLaren have previously had costs reduced for using these services. *See,* e.g., *Wright,* 2018 WL 7051676 at * 6; *Digerolamo,* 2019 WL 4305792, at *7; *Spivey,* 2019 WL 7580151; and *Lepper,* 2019 WL 7580152, at *3. Mr. Webb did not provide any reasoning as to why he used the luxury service for travel on his trip rather than taking a traditional Uber or a taxi service.

As Mr. Webb and the attorneys of Black McLaren are clearly aware that luxury car services are not reimbursable by the program, I deny the request for the Uber Select car services. This reduces the request for attorney costs in the amount of **$62.67**.

---

[5] Mr. Webb noted that he paid the difference between the first class and coach ticket. (ECF No. 44-2 at 41). Petitioner, however, provided no proof of the payment counsel claims to have made.

[6] This information was calculated from the Delta Airlines website for a flight purchased approximately two weeks prior to a Wednesday – Friday travel date in 2020. **(**https://www.delta.com/flight-search/book-a-flight). Dates for 2018 could not be verified online at this time.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e).  Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$29,423.31** (representing $27,167.13 in fees and $2,256.18 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.